UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SALVADOR MENJVAR GIRON, | |
| Petitioner, | 26-cv-2324 (LJL) |
| -against- | |
| | ORDER |
| KENNETH GENALO, et al., | |
| Respondents. | |

LEWIS J. LIMAN, United States District Judge:

Petitioner filed this Petition for a writ of habeas corpus under 28 U.S.C. § 2241 on March 20, 2026.  Dkt. No. 1.  Later that day, the Court ordered Respondents to provide a letter with certain information, including the asserted statutory basis for Petitioner's detention.  Dkt. No. 3. On March 21, 2026, Respondents filed a letter indicating that venue in this District is improper because Petitioner was located in the Eastern District of New York when the Petition was filed. Dkt. No. 5.  The Court instructed Petitioner to file a response to Respondents' letter by March 22, 2026, indicating whether he consented to transfer of this case to the U.S. District Court for the Eastern District of New York.  Dkt. No. 6.  Petitioner did not file a response.

It is hereby ORDERED that the Petition is transferred to the U.S. District Court for the Eastern District of New York.  *See* 28 U.S.C. §§ 1404(a), 1406(a).

To ensure that Petitioner has an opportunity to have this Petition considered by the Eastern District of New York, and to preserve the status quo, the Court enjoins the government from removing Petitioner from a facility within this District, the District of New Jersey, or the Eastern District of New York.  *See Khalil v. Joyce*, 771 F. Supp. 3d 268, 291 (S.D.N.Y. 2025) ("[T]o ensure that [Petitioner] gets an opportunity to have his Petition and these motions considered by a court in the normal course — and to preserve the status quo — the Court's . . .

Order barring the Government from removing him (to which the Government has never raised an objection and which the Government has not asked the Court to lift in the event of transfer) shall similarly remain in effect unless and until the transferee court orders otherwise.").

The Court waives Local Civil Rule 83.1, which requires a seven-day delay before the Clerk of Court may transfer a case.

The Clerk of Court shall electronically notify the Civil Division of the U.S. Attorney's Office for the Southern District of New York that this Order has been issued at the following email address: jeffrey.oestericher@usdoj.gov.

The United States Attorney is directed forthwith to alert the Chief of the Civil Division United States Attorney's Office for the District of Eastern District of New York of the transfer of this matter.

This Order closes the case in the Southern District of New York.


SO ORDERED.

Dated:   March 23, 2026
         New York, New York

_____
LEWIS J. LIMAN
United States District Judge

2